**UNITED STATES of America,
Plaintiff,**

v.

**John Anthony ALONGI, Defendant.**

**No. 04 V 0141(ADS).**

United States District Court,
E.D. New York.

Dec. 6, 2004.

Mullen & Iannarone, P.C. by Joel D. Medvin, Esq., Liberatore J. Iannarone, Esq., Smithtown, NY, for plaintiff.

John Anthony Alongi, New York City, Defendant Pro Se.

## ORDER

SPATT, District Judge.

On January 24, 2004, the United States of America ("Government" or the "Plaintiff") commenced this action on the basis of federal question jurisdiction against John Anthony Alongi ("Alongi" or the "Defendant") seeking monetary damages for the Defendant's alleged default on a student loan.

Because the Defendant failed to answer the complaint, a default judgment was entered against him on April 20, 2004. Nine days later, on April 29, 2004, the Defendant, appearing *pro se*, filed an answer to the complaint and moved to vacate the default judgment pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."). In the papers, the Defendant states that he sought advice from a law firm on February 19, 2004, but states that nobody advised him to file anything with the Court. Also, the Defendant states that he has recently filed for bankruptcy and has no assets to pay the loan.

Rule 55(c) provides, "For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed.R.Civ.P. 55(c). Where a default judgment has already been entered, Rule 60(b) authorizes a court to vacate the judgment on the basis of, among other things, "mistake, inadvertence, surprise or excusable neglect ... [or if] the judgment is void." Fed. R.Civ.P. 60(b)(1), (4). Whether to grant a motion to vacate a default judgment is within the sound discretion of the district court. *State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158 (2d Cir.2004).

In deciding a motion to vacate, a court is guided by three principal factors: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *Id.* (quoting *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir.1998)); *see also American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir.1996).

■ The first factor involves whether the default was willful. The Defendant's failure to answer does not appear to be willful in this case. The Defendant contacted a law firm on February 19, 2004 seeking advice on how to proceed. Apparently, the Defendant was either given the wrong advice or did not understand the advice that the law firm gave him. Upon his learning of the default judgment, the Defendant took immediate action and filed an answer nine days later. Thus, it appears the Defendant did not willfully avoid responding to the lawsuit, but failed to respond because of mistake, inadvertence, or excusable neglect.

■ The second factor requires the Court to analyze whether the Defendant has demonstrated a viable defense. The Court is required to liberally construe a *pro se* defendant's papers " 'and interpret them to raise the strongest arguments that they suggest.' " *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir.1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)).

In the Defendant's answer, he states that he filed for bankruptcy under chapter 13 and that he is unable to pay the loans.

 A brief overview of the Bankruptcy Code is required to determine whether the Defendant has a meritorious defense. Generally, student loans are excepted from discharge through bankruptcy. *See* 11 U.S.C. § 523(a)(8)(B). However, student loans may be discharged if the failure to discharge the loans would cause undue hardship to the debtor and dependents of the debtor. *Id.* In the instant case, it is unclear whether the Defendant's loans were discharged or if they may be discharged for undue hardship. The Defendant also claims that he has no assets and cannot pay the loans. In liberally construing the Defendant's answer, it appears that a meritorious defense may exist.

The plaintiff opposes the instant motion but does not claim that vacating the judgment will cause any prejudice. Based on the foregoing, including the defendant's excusable mistake and the existence of a meritorious defense, the Court finds that the Defendant is entitled to defend this suit on the merits. The Court therefore vacates the default judgment against the Defendant on the ground that the Defendant defaulted by mistake, inadvertence, or excusable under Fed.R.Civ.P. 60(b). Accordingly, it is hereby

**ORDERED**, that the Defendant's motion to vacate the default judgment is **GRANTED**; and it is further

**ORDERED**, that the parties are directed to report forthwith to United States Magistrate Judge Michael L. Orenstein to set a schedule for discovery.

**SO ORDERED.**